[No. 2458.]

THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA v. CAMPBELL.

1.  Appellate Practice—Exceptions—Nonsuit.

An exception to the ruling of the court in denying defendant's motion for nonsuit at the close of plaintiff's testimony, permits a review of such ruling, notwithstanding the absence of an exception to the judgment.

2.  Appellate Practice—Nonsuit—Evidence.

If error is committed in denying a motion for nonsuit at close of plaintiff's testimony, a judgment for plaintiff should be reversed unless the insufficiency of plaintiff's evidence is supplied by the evidence for defendant.

3. **Negligence—Railroads—Burden of Proof.**

In an action against a railroad company for the value of an animal alleged to have been killed by defendant's train through the negligence of defendant's employees in running the train, it is not sufficient for plaintiff merely to show that the animal was killed by defendant's train, in order to authorize a recovery, but he must also prove that the killing was through the negligence of defendant's employees in charge of the train.

4. **Negligence—Evidence.**

In an action against a railroad company for the value of an animal alleged to have been negligently killed by defendant's train, the evidence examined and held insufficient to go to the jury.

*Appeal from the County Court of Phillips County.*

Messrs. Wolcott & Vaile and Mr. Wm. W. Field, for appellant.

Mr. J. S. Bennett and Mr. John H. Chiles, for appellee.

Gunter, J.

Action to recover for negligent killing of a horse by train of appellant. Verdict and judgment for appellee. A motion for a nonsuit made at the close of the evidence for appellee was denied, and an exception taken. This exception permits a review of the order denying the nonsuit, notwithstanding the absence of an exception to the judgment.—*The Alta Investment Company v. Worden*, 25 Colo. 215, 217.

If error was committed in denying the motion for a nonsuit, the case should be reversed unless the insufficiency of the evidence at that stage was supplied by the evidence for appellant.—*The Alta Investment Company v. Worden, supra.*

The question then is, whether the evidence taken as a whole was sufficient for submission to the jury.

As conceded by counsel, the action is one for common-law negligence, and to recover, it was essential for appellee to prove that the alleged killing

of the animal was through the negligence of the em-
ployees of appellant in charge of the train in ques-
tion.

. We assume, for the purpose of this ruling, that
there was evidence sufficient to go to the jury that the
train struck the animal. Was there sufficient evi-
dence of negligence for the jury? We think not.

About 10 o'clock, June 1, 1896, a black filly of
appellee, two years old, weight about 1,200 pounds,
was found lying about two hundred yards north of
the railroad, fatally injured, having been struck, as
we assume, by a train of appellant. The track at
the point of the accident was on an embankment, ris-
ing about six feet above the surrounding ground.
There seems to have been an excavation on either
side of the track, made in constructing this embank-
ment. The point at which the assumed collision oc-
curred could be seen for a distance of three miles
along the track running to the east. While there is
some discrepancy in the testimony as to the exact time
when the train coming from the east went along this
section of track, there was evidence for appellee that
it was between sundown and dark. The evidence for
appellant was that it was later. Three witnesses for
appellee saw the filly within a few hundred yards of
the section of track mentioned about one-half an hour
before the train in question came along. No one saw
her on the track, and no one saw her struck by the
train.

The only testimony of appellant, except such as
went to value, was that of the fireman, conductor and
brakeman of the train. The testimony of these wit-
nesses was, that the train at the point where the acci-
dent is said to have occurred was being run at its
usual speed, and in all other respects in the ordinary
way; that no one of them saw the filly on the track

or had any knowledge whatever of the collision having occurred.

We have no light upon the circumstances attending the alleged collision. There is no evidence as to where the animal was when the train came in sight. There is no evidence as to when she came on the track. For aught that appears, she was down in the excavation along the track and attempted to cross the railroad immediately in front of the engine, as did the cow in *C. & S. Ry. Co. v. Beeson,* 19 Colo. App. 241., when a collision was unavoidable. The facts of the alleged collision, so far as they appear, are entirely consistent with the exercise of reasonable care in the operation of the train of appellant by its employees.

"There is no presumption of negligence; its existence must appear by proof; and until it does so appear, a party whose case is based upon it, is without a cause of action."—*The Denver & R. G. R. R. Co. v. Robinson,* 6 Colo. App. 432.

"The mere injury or killing is not sufficient to sustain a recovery."—This case on its former hearing in this court (14 Colo. App. 143); *The Denver & R. G. R. R. Co. v. Wheatley,* 7 Colo. App. 284.

Appellee failed to present such evidence as justified submitting the question of negligence to the jury.

This case has been tried twice below, and this is its second review in this court, presumptively appellee could make no stronger case on a third trial; we see no reason, therefore, for permitting a further continuation of the litigation. For the reason that appellee failed to show negligence in the killing of the animal in question, the judgment will be reversed with instructions to dismiss the action.

*Reversed.*